IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William M. Baker, Jr., | Case No. 3:08 CV 36 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Gerdenich Realty Co. | |
| Defendant. | |

This matter is before the Court on Plaintiff William Baker's Motion for Reconsideration (Doc. No. 60) and Plaintiff's Motion to Appeal *in Forma Pauperis* (Doc. No. 62). Plaintiff requests the Court reconsider its Memorandum Opinion and Order granting Defendant Gerdenich Realty's Motion for Summary Judgment (Doc. No. 56).

As a *pro se* litigant, this Court has consistently granted Plaintiff every leniency in his filings during the course of this case, and does so again in evaluating his arguments in the motions now pending. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (*pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings).

Plaintiff's primary basis for asking this Court to reconsider its decision granting Defendant summary judgment is that "the Court did not carefully consider [] the treatment of blacks and whites, and harsher treatment to blacks . . . is relevant because the same rules are suppose[d] to be applied to blacks as to whites" (Doc. No. 60, p. 1). Plaintiff continues to defend his refusal to perform maintenance tasks that "wouldn't be approved under warranty" and argues he was improperly trained

by Micah Lestock, a project manager (*id.* at 2-3). Additionally, he disputes each of the tenant complaints regarding his behavior.

For instance, Plaintiff disavows ever asking tenant Tosha Sanders whether her sister looked as good as she did because "Sanders does not look that good in the plaintiff's opinion, and surely is not as good looking as the plaintiff's own wife that [he] has been married to for 38 years" (*id.* at 8). He argues a jury could find the letters of complaint were the result of a campaign by his co-worker Cory Faulkner to get him fired by "going behind the back of the plaintiff to undermine him" (*id.* at 14).

Plaintiff's Motion essentially restates the same arguments alleged in his original opposition to Defendant's Motion for Summary Judgment; namely, that his advocacy on behalf of black tenants resulted in his termination as Assistant Property Manager. However, Plaintiff still has not proffered any evidence to indicate he was actually qualified for the position (as required under the prima facie case for race discrimination), or that his termination due to poor job performance was a pretext. Plaintiff was explicitly given an additional 30 days of probationary time, beyond his original 90-day probationary period, so that his performance could improve. Instead, during the 30-day extension, Plaintiff accumulated five additional complaints. These complaints, coupled with Plaintiff's poor performance during his first 90 days on the job, indicate Plaintiff was simply not capable of performing the duties Defendant required of him.

Plaintiff's present attempts to blame Lestock and Faulkner for his lack of training and tenant complaints, respectively, are also unsupported. To defeat summary judgment, Plaintiff needed to set forth specific facts showing a genuine issue for trial rather than merely "replac[ing] conclusory allegations of the complaint . . . with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife*

*Fed'n*, 497 U.S. 871, 888 (1990). Plaintiff cites extensively from his own affidavit throughout his Motion for Reconsideration, but self-serving conclusions cannot overcome the extrinsic corroborating evidence Defendant supplied in support of its Motion for Summary Judgment.

Plaintiff provides the Court with no new facts or legal support that would warrant a reversal of its previous decision. Accordingly, Plaintiff's Motion for Reconsideration is denied.

Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that an appeal of this action *in forma pauperis* could not be taken in good faith. Plaintiff's Motion to Appeal *in Forma Pauperis* is also denied.

IT IS SO ORDERED.

                                                   s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

April 14, 2009